IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VELICIA WALKER, | § | |
| | § | |
|   Plaintiff, | § | |
| | § | C.A. No._____ |
|        v. | § | |
| | § | |
| MAJESTY STAFFING, LLC, | § | |
| SODEXO, INC., AND | § | |
| MEMORIAL HERMANN HEALTH | § | |
| SYSTEM D/B/A MEMORIAL | § | |
| HERMANN -TEXAS | § | |
| MEDICAL CENTER, | § | |
| | § | |
|   Defendants. | § | (JURY TRIAL DEMANDED) |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

    COMES NOW Plaintiff, Velicia Walker, filing her Original Complaint complaining of Defendants Majesty Staffing, LLC, Sodexo, Inc., and Memorial Hermann Health System d/b/a Memorial Hermann – Texas Medical Center, and in support thereof would show as follows:

**I.**

**JURISDICTION, PARTIES AND VENUE**

1.    This Court has jurisdiction over the causes of action alleged by Plaintiff pursuant to Title VII of the Civil Rights Act of 1964, as amended (hereinafter "Title VII").

2. Plaintiff, Velicia Walker, resides in Houston, Texas. Plaintiff is female and is thus protected by Title VII. Plaintiff was at all relevant times an employee within the meaning of said applicable statute.

3. Defendant, Majesty Staffing, LLC, operates in Texas. Defendant was at all times Plaintiff's employer within the meaning of said applicable statute.

4. Defendant, Sodexo, Inc., (hereinafter "Sodexo") operates in Texas. Defendant was at all times Plaintiff's employer within the meaning of said applicable statute.

5. Defendant, Memorial Hermann Health System d/b/a Memorial Hermann - Texas Medical Center (hereinafter "Memorial Hermann") operates in Texas. Defendant was at all times Plaintiff's employer within the meaning of said applicable statute.

6. Defendants engaged in an industry affecting commerce and employed more than 15 regular employees.

7. The employment practices alleged to be unlawful herein were committed within the Southern District of Texas, Houston Division. Venue is appropriate in this Court

**VICARIOUS LIABILITY--RESPONDEAT SUPERIOR**

8. Whenever in this Complaint it is alleged that the Defendants did any act or thing, it is meant that the Defendants' supervisors, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendants or was done in the normal and routine course and scope of employment of Defendants' supervisors, agents, servants, employees, or representatives.

9. The acts of Chef James Foster Colson were performed while in the employment of Defendants, to further Defendants' business, to accomplish the objective for which this supervisory

employee was hired, and within the course and scope of that employment or within the authority delegated to this employee.

## II.
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10.     Plaintiff filed a Charge of Discrimination ("Charge") with the Texas Commission On Human Rights (hereinafter ("TCW") and the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC") on or about January 20, 2015 against all three entities.  In that Charge, No. 460-2015-01315, and any amendments and/or attachments thereto and where applicable, Plaintiff asserts that she was discriminated because of her sex (female) and in retaliation for opposing harassment and discrimination.

11.     After investigating Plaintiff's Charge, the TCW and EEOC issued Plaintiff a Right-To-Sue letter dated May 19, 2016.  Plaintiff has exhausted her administrative remedies and files this suit within the statutory limitations period.

## III.
## FACTUAL BACKGROUND

10.     Plaintiff initially worked for Majesty Staffing, LLC.  They staff employees to work in the hospitality industry. Majesty Staffing, LLC hired and placed Plaintiff to work at the Memorial Hermann Children's Hospital located at 6411 Fannin Street, Houston, Texas.  The food services at Memorial Hermann Children's Hospital was operated by Sodexo, Inc.  Plaintiff was a prep cook. She was supervised on a daily basis by both Memorial Hermann Children's Hospital and Sodexo, Inc.

11.     Plaintiff was subjected to unwelcome sexual advances by Chef Manager James Foster Colson. Upon information and belief, he was a Sodexo employee. Some of the instances are as follows: showing Plaintiff nude pictures of men of different races, showing Plaintiff a picture of himself naked, discussing his sexual experiences and desires, telling Plaintiff he wanted to have sex with her sister and her, grabbing his erect penis and saying that Plaintiff made him that way, propositioning Plaintiff for sex, and touching Plaintiff's shoulders, among other things.

12.     Plaintiff told Supervisor Janice Harris on or about November 9, 2014. Upon information and belief, Ms. Harris was a Sodexo employee.  Ms. Harris told Plaintiff that she should not report it to Miguel Rodriguez- another Sodexo manager. Instead, Ms. Harris told Plaintiff to go to human resources the next day.  Plaintiff told Ms. Harris she was off work the next day so Ms. Harris promised to report it for Plaintiff.

13.     The next day, on or about November 10, 2014, Plaintiff received a text from Chandra Thompson of Majesty Staffing saying that Plaintiff's assignment with Memorial Hermann was **"over"** because Chef James Foster Colson said Plaintiff was disrespectful and did not complete her work. Ms. Thompson ended by texting, **"You do not return there."**  Plaintiff called Ms. Thompson and began explaining her experience.  Plaintiff was very emotional. Ms. Thompson was very cold and distant towards Plaintiff.  She even hung up in Plaintiff's face.  Plaintiff drove to Majesty Staffing to plead her case. Ms. Thompson ignored Plaintiff and passed her off to other staff.  Plaintiff's termination was approved by Sodexo's Executive Chef Miguel Rodriguez. Upon information and belief, Chef Miguel Rodriquez had also been accused of inappropriate sexual misconduct.

14.     No one seemed to care, want to hear Plaintiff out, or take her seriously until she mentioned seeking an attorney. Since then, Defendants' communications have either appeared (1) insincere or (2) cold.

15.     Plaintiff believes that she was sexually harassed and discriminated against based on her gender, female, and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended.

16.     The effect of the practices complained of herein has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her gender and opposition to discrimination.

## IV.
## CAUSES OF ACTION

**A.      SEXUAL HARASSMENT**

17.     Plaintiff repeats and re-alleges by reference each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth.

18.     Defendants, through their agents, supervisors, or employees including Chef James Foster Colson engaged in unlawful sex discrimination by subjecting Plaintiff to unwelcome sexual harassment.

19.     The above-described unwelcome sexual harassment created an intimidating, oppressive, hostile environment, which interfered with Plaintiff's emotional and physical well-being.

20.     Defendants at all times relevant hereto had actual and/or constructive knowledge of the conduct described in the paragraphs above in large part because of Chef James Foster Colson's

influential position and the open and obvious nature of the sexual misconduct that permeated.

21.     As a result of the hostile and offensive environment perpetrated by Defendants through their agents, supervisors, or employees, and maintained by Defendants' failure to protect Plaintiff from further harassment and instead causing the constructive discharge of Plaintiff caused her to suffer severe emotional distress and physical injury.

22.     Defendants violated Title VII by failing to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and omissions of James Foster Colson as described in the paragraphs above.

23.     Defendants failed to comply with their statutory duty to promptly take all reasonable and necessary steps to eliminate sexual harassment from the workplace and to prevent it from occurring in the future.

24.     As a direct and proximate result of Defendants' willful, knowing and intentional discrimination against Plaintiff through their agents, supervisors, or employees, Plaintiff has suffered and will continue to experience pain and suffering, and extreme and severe mental anguish and emotional distress; she has incurred and/or will incur medical expenses for treatment by psychotherapists and other health professionals, and for other incidental expenses; and she has suffered and/or will continue to suffer a loss of earnings and other employment benefits and job opportunities.  Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

25.     As a further direct and proximate result of Defendants' violation of Title VII, as heretofore described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendants, and has

thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff, who therefore will seek leave of Court to amend this Compliant in that regard when the same shall be fully and finally ascertained.  Plaintiff requests that attorney's fees be awarded pursuant to Title VII.

**B.**	**<u>RETALIATION</u>**

26.	Plaintiff repeats and re-alleges by reference each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth.

27.	After rejecting such harassment, Plaintiff was subsequently harassed and discharged.

28.	Defendants had no legitimate business reasons for any such acts.  Each act of retaliation is in violation of Title VII's anti-retaliation provisions.

29.	As a direct and proximate result of Defendants' willful, knowing and intentional discrimination and relation against her, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress.  Plaintiff is thereby entitled to general, compensatory and punitive damages in amounts to be proven at trial.

30.	The above-described acts on Defendants' part were undertaken in violation of Title VII and proximately caused Plaintiff's substantial injuries and damages.

**C.**	**<u>ASSAULT & BATTERY</u>**

31.	Plaintiff repeats and re-alleges the allegations contained in the paragraphs above and incorporates the same by reference as though fully set forth herein.

32.	Defendants unlawfully committed assault and battery upon Plaintiff at the workplace.  Defendants, knowingly, intentionally and without Plaintiff's consent invaded Plaintiff's personal space and touching her in the manner described above.

33. Defendants, through the abovementioned acts, intentionally and knowingly caused and allowed harmful interaction and physical contact with Plaintiff when Defendants knew or should have reasonably believed that Plaintiff found such to be offensive.

## V.
## JURY DEMAND

34. Plaintiff requests that this action be heard before a jury.

## VI.
## DAMAGES

35. Defendants' conduct constitutes violations of statutory and/or common law. Such unlawful conduct seriously affects Plaintiff in her occupation, trade and business. Because of Defendants' unlawful conduct, Plaintiff has suffered, suffers, and will continue to suffer humiliation, mental anxiety and stress, and other damages. Plaintiff has suffered direct injury as a proximate result of the unlawful discriminatory practices, policies and procedures of Defendants. Accordingly, Plaintiff seeks all general, special, incidental, economic, compensatory, punitive, and consequential damages in an amount to be proved at trial.

36. Because of Defendants' unlawful and tortious conduct, it has been necessary for Plaintiff to retain the undersigned attorney to represent her in these causes of action Plaintiff has agreed to pay her attorney reasonable attorney's fees for the preparation and trial of these causes, and further for any appeal thereof should same become necessary.

37. Additionally, Plaintiff has incurred out-of-pocket expenses, which include litigation costs and other expenses to preserve her ability to earn a living. Accordingly, Plaintiff seeks all general,

special, incidental and consequential damages as shall be proven at trial including punitive damages.

38. Further, Plaintiff seeks pre-judgment interest at a rate commensurate with the actual rate of interest in the marketplace or, alternatively, the statutory rate of interest because of the delay in receiving the damages and to avoid unjust enrichment to Defendants. Plaintiff also seeks post-judgment interest at the maximum rate allowed by law in the event that Defendants do not promptly tender damages assessed against them and to avoid unjustly enriching Defendants.

## VII.
## PRAYER

WHEREFORE, premises considered, Plaintiff prays that Defendants be cited to appear and answer herein, and that on final trial, Plaintiff have judgment against Defendants for:

a. Permanent injunction enjoining Defendants, their agents, successors, employees, and those acting in consort with Defendants from engaging in any employment practice which discriminates on the basis of sex and in retaliation thereof.

b. All damages to which Plaintiff may be entitled pursuant to this Complaint, or any amendment(s) thereto, including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, loss of earnings in the past, loss of earning capacity in the future, loss of benefits in the past, loss of benefits in the future, statutory relief at law, and equity;

c. Compensatory damages for pain and mental suffering in the past and future;

d. Punitive damages in an amount above the minimum jurisdictional limit of the Court;

e.  Reasonable attorney's fees, with conditional awards in the event of appeal;

f.  Pre-judgment interest at the highest rate permitted by law;

g.  Post-judgment interest from the judgment until paid at the highest rate permitted by law;

h.  Costs of court and expert witness fees incurred by Plaintiff in the preparation and prosecution of this action; and

i.  Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Complaint or by any amendment hereto.

Respectfully submitted,

Law Offices of Katrina Patrick

*/s/ Katrina S. Patrick*

_____

**Katrina Patrick**
Attorney-in-Charge
State Bar No. 00797218
Federal Bar No. 22038
2800 Post Oak Blvd Suite 4100
Houston, Texas 77056
Telephone: (713) 796-8218
Facsimile: (832)290-2499

**ATTORNEY FOR PLAINTIFF
VELICIA WALKER**